Patel v. Johnson, No. 14-10493. Mr. Bratton. Thank you. May it please the Court, I'm Scott Bratton on behalf of the plaintiffs in this case, the Patel family. In this case, the plaintiffs contend that the District Court improperly granted the defendant's motion for summary judgment. We would submit that USCIS abused its discretion in denying the 2003 and 2010 applications for lawful permanent residence. A number of issues related to these applications were raised in the briefs and the proceedings below. Today, I'm going to focus my argument on the reinstatement issue as this formed the primary basis for the District Court's grant of summary judgment. In this case, we would concede that if there is a prior valid reinstated order with respect to the lead plaintiff, Bhupendra Patel, then the family would not be eligible for adjustment of status. And that's because if there is a valid reinstated order, then that person is not eligible for adjustment of status or any other relief other than withholding of removal. Let me just ask you, my eyes, I get very confused with all these statutes and things. This fellow never did have a basis to apply for adjustment of status, did he? With respect to his first application, he applied for adjustment of status. Well, what was the status? I know what he was trying to be adjusted to, but what legal status did he have that allowed him to apply for adjustment? He was applying for adjustment of status under Immigration and Nationality Act Section 245I, which is a provision that allows someone who isn't in the United States legally to adjust their status. And it requires a qualifying visa petition to have been filed before April 30th of 2001, which in this case that it was. You mean the I-140? Actually, for purposes of 245I eligibility, they look at the labor certification date. And the labor certification date happened because he entered the United States more or less illegally and then immediately got a job and then immediately his employer asked for a certification? Is that what happened? Yeah, what happened was he came back to the United States. His contention is, and it's set forth in his affidavit, that he came back to the United States. And what happened was he had the expedited order on October 12th of 2000. He had been in the United States previously under the Visa Waiver Program, which allows someone to come as a visitor to the United States by presenting their passport and allows them to stay in the United States for a short period of time. In this case, he was given, I believe, 30 days to stay in the United States. He stayed in the United States for a short period of time, went back to Canada, and then when he tried to return to the United States, he was issued an expedited removal order. He was denied admission to the United States. I believe it looks like because they found him to be an intending immigrant, meaning that they thought he wasn't coming as a visitor but intending to stay in the United States. Well, they were right, weren't they? Well, that's what they found, and I can't go back and contest that. Fourteen years later and he's still here. He is still here. But, yes, so what happened was there was an expedited removal order, and he was sent back to Canada. We don't contest the validity of that particular expedited order. And, in fact, the only way to do so in federal court is through a habeas, and the issues are limited and none of those issues we would contest in this particular case. So we're not contesting that. What then happened was the following day, or approximately the following day, he returns to the United States, and when he returned to the United States, his contention in his affidavit is that I was a passenger in a vehicle with some other people in the back, and I showed them my passport, which under the Visa Waiver Program to be admitted, along with the unexpired I-94 card that he had been given previously and that he was allowed to enter the United States at that point. And since then, he's remained in the United States. Now, the issue with respect to the adjustment of status applications in the 2006 decision with USCIS was they state that we reinstate the prior order, and therefore he's not eligible for adjustment of status. They also make mention of 212A9A, which is a provision of the law that says that if you're subject to an expedited removal order, you're inadmissible for a period of five years. So those were the two grounds that were relied on seemingly. But it seems to be that the conclusion was really based on the first decision was really based on the reinstated order that they said because we're reinstating your order, therefore you're not eligible for adjustment of status. And it's our contention that when USCIS states in a decision in one sentence that we're reinstating your order, that that's not a proper or not a reinstated order at all. USCIS failed to follow any of the regulations. Well, that then would eliminate that bar for him adjusting status. Now, there are other issues, obviously, in the case that we've addressed through the briefs, including the 212A9A issue, which deals with reentry after the individual had been ordered deported. And it's our position with respect to that particular issue that he's not barred by 212A9A. You have to win that, the one that we just have been discussing, and then you have to win this other one both. Correct. And then where do you go? Do you get sent back to the BIA, or where do you – what happens? This case actually came out of USCIS, and it's a civil lawsuit. So yeah, we go back – So where do you go? I would have to go back to CIS with the findings that this person – they didn't properly reinstate the order. You'd apply for adjustment of status again, right? Or it could go back, and they could reconsider the – reopen and reconsider the application. Now, at that point, if USCIS determined, look, I want to reinstate this prior order, and then they comply with the regulations and do what they're supposed to do with respect to that, then it would give Mr. Patel a chance to contest the reinstatement because we're arguing, and I argued in the brief, that the reinstatement isn't proper. Now, that issue isn't really before the court. That's an issue that we would have to take up with USCIS. Why don't you tell us how the district court had jurisdiction? That's critical. Jurisdiction over the reinstatement portion of the case? Jurisdiction over your lawsuit. Okay. With respect – yeah, defendants argued two areas of jurisdiction, one relied on by the district court with respect to the reinstatement, the second with respect to 8 U.S.C. 1252 A2B, which is dealing with jurisdiction of a federal court over adjustment of status applications. So I can address both of those. With respect to the reinstatement, the district court judge found that enough of the regulations were complied with in this particular case that the reinstatement was presumptively in existence. That's a merits argument. We're arguing that it doesn't exist at all. And it seems to me the way I read the – Excuse me, sir, but that's talking about the merits of the reinstatement order, whether it complies with the regulations or not. But before you get to that, you have to tell us how the federal court has jurisdiction over to even review an adjustment order or reinstatement order. Okay. If circuit is held, right, in an unpublished opinion, we're maybe the only court that's held that we do not have jurisdiction over that, right? Over reinstatement? I think there's two separate issues, the reinstatement order and then whether overall that there's jurisdiction of the district court to review any aspect of an adjustment of status denial. As far as the reinstatement goes, the district court distinguished between an existence of the order at all and challenged to the validity of the order. And he found that what our challenge was was to the validity of the order. He indicated that if you're challenging the existence of it based on the nature of the lawsuit, then he would have jurisdiction over it. But if you were challenging the validity of it, he found the proper way to do that was to file a petition for review with the Circuit Court of Appeals within 30 days of the order. It's our position that USCIS's one-sentence statement that the order is reinstated does not establish its existence because of the absolute lack of them following the regulation in the case. Well, why couldn't you go to the Court of Appeals originally for that? Well, going back, we weren't representing the plaintiffs, but looking back at what the old attorney was looking at, it's our position that that wasn't a valid reinstated order. In knowing what you know now, why don't you agree that there's lack of jurisdiction and that you go directly? Because I've lost the time. It's untimely now. Yeah, right. You didn't relate back the time. Is it a timeliness issue? Well, I mean, I – Because you've got – you think not only the court found that it existed, the court found it was valid, and then you're fighting some judgment on that. So it seems to me that you're better off being directly before the Court of Appeals. And I wish I could do that, but I can't do that because of the timeliness issue because in order to challenge a reinstated order, it has to be filed within 30 days of the order. And obviously that was 2006, and we weren't representing them at that time. That can't happen at this point in time. They're not in removal proceedings, are they? No. The only person that – well, Mr. Patel, their CIS alleges has a reinstated order. The rest of the family has not ever been placed in removal proceedings. But, I mean, Mr. Patel is still working somewhere, I presume. Correct. He's still living in the United States and still pursuing his application. What a system. What a system. Why was this court – what was the venue basis having this case here? The basis for venue was that the Texas Service Center was the USCIS office that ultimately denied the last application. Because of the service center. Because of the service center issue. And I don't know why – They live here. Correct. They live in Pennsylvania or something? Maryland. Maryland. Yeah, so I'm not sure exactly why venue was – there's obviously multiple places that you could have venue in a district court case. No one's challenged this. No, no, I'm just – I don't know exactly why this court was chosen. Let me ask you, how can his children be part of this lawsuit? Because as I understand it, they must be 27, 28 years old now. And not born in the United States. That's correct. Do you have derivative claims until you're 80 years old or what? You could potentially have them for a long time under the Child Status Protection Act. And there's complicated laws and rules with respect to that. But, yeah, it's our contention that they're covered under the Child Status Protection Act. So that's why they're part of it. Now, they have deferred action through USCIS because of – under DACA, which is Deferred Action for Childhood Arrivals, individuals that have been here since they've been young and have attended school in the United States. So they have valid employment authorization and are living in the United States. Do you want to discuss our unpublished case about adjustment of status? As far as the overall overarching adjustment of status issue, I do want to address jurisdiction over adjustment of status. And it was raised – the 1252A2B issue was raised for the first time at this court. It wasn't addressed at the district court. But in that case, that statute says, no court shall have jurisdiction to review any judgment regarding the granting of relief under 1255, which is the adjustment of status statute. I'm assuming that's what you're referring to and you want me to address. The Ian Badejo case from this court, it's hard to pronounce, which was cited in both my reply brief and the defendant's brief, talks about the court's jurisdiction, a district court's jurisdiction over an adjustment of status denial. In that particular case, the factual situation was a little bit different in that the adjustment of status denial was based on a factual finding that the marriage wasn't a valid marriage. So it was a factual issue as opposed to a non-discretionary legal issue. And I understand the court's prior position on this particular issue. In my reply brief, after it was raised by the defendants for the first time in their brief, I addressed this particular issue in the Ninth Circuit's decision in Mamagonian, which addresses and looks at the particular word judgment, because no court shall have jurisdiction to review any judgment regarding the granting of relief. Judgment, as it's been used in the Immigration and Nationality Act, has been used to refer to the exercise of discretion or discretionary determination. And when you're dealing with adjustment of status cases, you're dealing with really two steps. The first step is, is this person statutorily eligible for adjustment of status? And if so, then it's a matter of discretion. The agency can exercise its discretion favorably and grant the case or deny the case saying that adjustment is not warranted as a matter of discretion. We're in the first step, non-discretionary determination. And I would submit that 1255 does not preclude a district court from reviewing a non-discretionary determination as to statutory eligibility. 1255 or 1252A2B? 1252, I'm sorry, 1252A2B. Dealing with relief under 1255. Yes, sir. Your red light is on. You have time for rebuttal. Thank you. Thank you. Ms. Henson. I'm going to please the court. I apologize that you have to listen to this voice this morning. Ten years ago. Speak as little as you have to. Okay. Thank you. Ten years ago, this court ruled that section 1252A2B strips all courts of jurisdiction to review any decisions specified in the statute to be discretionary. Seven years ago, this court specifically ruled that the law makes clear that the court of appeals and the district court lack jurisdiction over determinations made with respect to an I-485 application for permanent resident status. Indeed, both the Supreme Court and this court have ruled that the granting of an I-485 is a matter of discretion and administrative grace. Therefore, the only scenario in which the district court had jurisdiction is one that requires this panel to reverse Fifth Circuit precedent and give an illegal alien unilateral power to decide what part of an agency decision is and is not valid. Binding precedent? Yes. We have to reverse binding precedent. Yes. Published cases. To the extent that Patel argues, despite the clear wording of the statutes and clear cut Fifth Circuit precedent, that this case was nonetheless reviewable by the district court because he raised a question of law, he is wrong for at least two reasons. First, the district court does not have jurisdiction to review questions of law raised in an I-485 application. And second, he did not raise a question of law. So you're saying that the I-485 is the grabberment of his application and the reinstatement order is subsidiary to that. Is that what you're saying? In other words, he's – Yes. So we have to – you're saying he's looking at it from the standpoint of the subsidiary determination, whereas once they've denied I-485, we lack jurisdiction, which is what happened here. Maybe subsidiary is the wrong word. Maybe they're two equal reasons. In order to get into the case far enough to see that there's an issue on reinstatement, you have to know that it's a I-485, a case involving a I-485. I-485 is not reviewable, so that should take care of the whole case. I unfortunately did not raise that below. That was my mistake. Okay. I did raise the jurisdiction of the reinstatement order, but I did not raise jurisdiction over I-485. So jurisdiction is jurisdiction. Yes. What case says that the I-485 is not reviewable? It's I and Bodejo. What do I and Bodejo? Jalvers-Gonzalez first said that no court has jurisdiction to review any decision that's specified in the statute to be discretionary, and then I and Bodejo specifically ruled on the I-485, which is part of the statute. Did you want to address the Ninth Circuit case in the rebuttal? The Ninth Circuit, not specifically that case. The Ninth Circuit does hold differently than the Fifth Circuit. I honestly don't know the answer to that question. I'd be happy to look it up and file a brief. Okay. Section 1252A2D specifically provides for constitutional claims or questions of law that are raised in a petition for review filed with an appropriate court of appeals. Therefore, if Patel had raised a question of law, it was not reviewable by the district court. He should have filed a petition for review in this court. Moreover, he did not raise a question of law. Although he insists that the agency's decision that he was not eligible under AC-21 to port to a new job is an incorrect application of law, and therefore a question of law, he is incorrect. In Soon v. Kiesler, this court ruled that an AC-21 determination is simply an act of fact finding, incidental to the adjustment of status process. It is not a question of law. Therefore, no court had jurisdiction to review the AC-21 claim. AC-21 is the reinstatement? No, the porting to a new job under an I-140 petition. In any event, USCIS only mentioned AC-21 ineligibility as one among several discretionary and factual reasons for denying the adjustment of status. Therefore, the I-485 was not denied because of the AC-21 determination. And the AC-21 issue could be removed from this case entirely. Why is it denied? What are the other reasons? Why did he remove it? Well, first of all, when he changed jobs in 2010, he changed jobs before he filed his I-485. In order to be able to port to a new job under AC-21, there has to be an approved I-140, and the I-485 must have been pending for at least 180 days before adjudication. Yes, yes. And then the thing about whether it's a job, if it's money, if he pays money to the owner, is that part of it or not? The loan that the owner made, yes, that's another reason, independent. Can you help me? Sure. Okay, so your main condition is that we don't need to reduce the issue of whether the district court was correct about the notice being deficient in the overall scheme. If we disagree with you, and we also disagree with you that the notice was deficient because it didn't have a way to respond, and it didn't give him a chance to be heard, what result? He is still ineligible. So, but I mean, what order would we write? I think it would be appropriate to affirm the district court summary judgment, because the district court not only gave summary, well, the district court granted summary judgment based on the reinstatement order issue, but the court also said, and if I'm wrong about this, and the reinstatement order is legit, then I find that he was not eligible for a 485. So the district court, I believe, should be affirmed under any scenario. Okay. But I think on the merits, Patel is not eligible for a 485 under any of the fact situation. So that's what I meant. We don't have jurisdiction over that. If you don't have, then we don't have jurisdiction. Right. It could be that we have jurisdiction of a part of the case and not of a part of the case. Do you not agree with that? I do not. Okay. Then we don't need to address it. Okay. Speaking of the reinstatement of the removal order, Patel had been removed and had not received the attorney general's permission to return to the United States, and therefore he's not eligible to receive any immigration benefits. Whether there's a reinstatement order or not, he's not eligible. A strange system of law where he does not even challenge the original removal order, but he says that procedurally there's something wrong with the reinstatement order, and therefore he can't be removed.  That makes no sense. A very odd system. Yes. And I don't think the system allows for that. In fact, at any time the removal order can be reinstated. But we know lots of things about the immigration law that has a strange system. Absolutely. There are all sorts of weird anomalies in the law. Yes. I do not assert that they all make sense. Yes. I think you've pretty much stated the gist of your case. Okay. Repeat once more, please, what is the statute or case, the name of the case that deprives us of jurisdiction over, deprives the District Court of jurisdiction over the reinstatement order? Because it has to be reviewed on Bill of Review, a petition for review of the BIA, and that is time limited. Right. It had to have been reviewed 30 days. So it's got to be reviewed by this court. Yes. Directly to this court. Yes. And that's over. Yes. Okay. Did that answer your question? What he's saying is the reinstatement order had to be reviewed in the first instance by this court. Correct. Under 1252A2A, and therefore the District Court had no jurisdiction over it. All removal orders must be reviewed directly by the Court of Appeals. Okay. And the reinstatement falls under that. Right. Umbrella. Even for a non-existent reinstatement, the opposing counsel's theory is it non-existent. Does that matter? Well, the legal alien doesn't have authority to say it's non-existent. If they want to challenge whether we actually reinstated it, then they need to challenge that. They can't just assume that we didn't and go on and then cry foul 10 years down the road. Okay. Well, if you've completed your remarks, you can— I have alternate argument on the merits of the facts, but if the court doesn't care to hear them, I'll be happy to not. It's in your brief? It's all in my brief, yes. Well, we won't deprive counsel of the opportunity to respond to whatever he wants to respond to, but if it's fully stated in your brief, I think you can probably give back some time. Okay, thank you. I will yield the remainder of my time, then. Thank you. Thank you. Mr. Bratton? Thank you. In this case, the district court found that— the district court distinguished between the existence of an order and the validity of the order and found that enough of the regulations were followed to make it presumptively in existence. But that's because he accepted your argument, right? Well, he found that there is jurisdiction if it doesn't exist. He would have jurisdiction over the case, but if it did exist, then the validity— See, I don't agree with that, and let me explain why you couldn't respond. If 1252A2A or D says that all removal orders have to go to the court of appeals, it seems to me they go in the same posture in which we determine what's the difference between stating a claim under the federal law and jurisdiction under the federal law, because you can—we don't dismiss for lack of jurisdiction simply because somebody states a claim for relief in diversity where the controversial amount is less than $75,000-some, right? We say we're dismissing because it fails to state a claim. Well, that might be jurisdictional, but generally speaking, we draw a distinction between what is a jurisdictional dismissal and what is failure to state a claim, and if there is a dispute about that, we do it under 12B6. We'd say it doesn't state a claim. Now, why doesn't that kind of reasoning apply to the existence of a reinstatement order? Well, in this particular case, we argued that the order doesn't exist for a number of reasons, lack of proper notice, opportunity to respond, lack of following the procedure Form I-871, which is set forth because there's— I understand that, but their contention is that this is essentially valid. There was no fact-finding to be had in this matter. The district court determined it's a matter of law fully within the competence of the Court of Appeals because each one of your contentions is undisputed. Yeah, and if he would have gone back to try to petition for review of that order, number one, there's nothing to review because there's nothing in the administrative record. His claim, he never had a chance to dispute it below. He could have appealed to the Court of Appeals and made precisely the same arguments that were made to the district court here. Except the Court of Appeals is stuck with what's in the administrative record. When he appealed, there was nothing in the administrative record to support his position, whereas here when we filed the complaint, we submitted an affidavit setting forth what his position was. He wasn't given that opportunity back then. What did his affidavit say that was not plainly evident on the record? What wasn't plainly evident on the record is how he entered the last time. Wasn't he removed from the United States and then came in illegally? Because he was in the back seat, that was inspection. Well, that's not before us. We don't have jurisdiction over it. But it seems to me like that is a reinstatement of his removal that the law forbids. Well, we're arguing the last part, that the actual statute itself states that if someone enters unlawfully and then there's another part of the statute or the regulations say that the officer has to determine whether there's a lawful entry into the United States. And in this particular case, our argument is under matter equivalent on that when you're inspected and admitted, that's a lawful entry into the United States. And they interpreted a statute that talked about lawful admission to the United States. And that argument isn't before the court. My point is that he planned to contest that. He couldn't because even if he petitioned for review of that order, there's nothing in the administrative record for anybody to look at. He could have made the argument and the court could take judicial notice, it seems to me, because normally they keep records of who comes in, don't they? Well, not from Canada, especially not from Canada in the year 2000. I'll bet you the government would have accepted a stipulation to that fact and still said that doesn't cure the prior illegal entry and the prior ineligibility for adjustment of status. I don't know. Just judging from cases I've had in the past, I don't think they would accept a stipulation of fact. Well, you know more about it than I do. But I'm still saying, though, explain to me why the – because what you're setting up is a situation where anybody could have a reinstatement order. They can claim any one of a number of reasons why they say that reinstatement order, quote, doesn't exist because, frankly, it's a matter of pleading and then have their choice of form, district court of appeals in 30 days or district court six years later. Well, in this particular case, one, this is the first case I've ever seen where a form I-871 was not used for purposes of a reinstatement. What's that? That's the form that sets forth what's going on with the case. It explains why the person is subject to the reinstatement. It tells them you have an opportunity to contest this, and that particular form wasn't used in the adjudicator's field manual. There's actually a procedure for when USCIS encounters a situation, what to do. That wasn't followed in this case. He wasn't given an opportunity to respond, which prevented him from putting this in the record. This case is different than other cases because of the particular issues that are present. It's not every case someone's going to be able to pick a form to challenge it. In this case, we're arguing that there was such a lack of following the regulation in the case that the reinstated order, the alleged reinstated order, isn't actually in existence. That the one sentence in a USCIS decision denying a benefit isn't sufficient to establish its existence. Well, then let me ask you one follow-up question that I asked her because I said, does this effectively mean that the system is that he reenters illegally, has an order of removal that you are not challenging, but then six years later because you say that something else is not according to Hoyle, as old people used to say, that suddenly he gains access to an adjustment of status that he didn't have otherwise? Well, our contention is he always had access to adjustment of status because that order never existed. So that's been our position. The reinstatement order never existed. Okay. So that's our position that we set forth in the briefs. And you're sticking to it. And we're sticking to it. Well, thank you very much. Thank you. All right. We'll try to get the sections of the statute straight.